# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **DEREK DARRELL HUNT,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:18CV00187 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **BERNARD BOOKER,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Derek Darrell Hunt, Pro Se Petitioner; Victoria Johnson, Assistant Attorney General, Office of the Attorney General, Richmond, Virginia, for Respondent.*

In this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, a Virginia inmate proceeding pro se, contends that his confinement pursuant to a 2014 Judgment entered by a state court is unconstitutional. Upon review of the record, I conclude that the respondent's Motion to Dismiss must be granted, because the petition is untimely filed.

## I.

A grand jury of the Circuit Court for Campbell County returned Indictments charging Derek Derrell Hunt with five counts of distribution of cocaine, third or subsequent offense, in violation of Virginia Code Ann. § 18.2-248. Hunt pleaded not guilty and was tried before a jury in June of 2014. During later habeas corpus proceedings, the trial court summarized the trial evidence against Hunt:

On June 11, June 12, June 13, June 15, and June 21, 2012, Hunt sold crack cocaine to a confidential informant who was working with the Campbell County Sheriff's Department. On each occasion, the transactions were audio and video recorded and, in four of the recordings, Hunt's face is visible. The distinctive tattoos on Hunt's arm are also visible in the videos. After the June 21, 2012 drug transaction, Investigator Dwayne Wade of the Campbell County Sheriff's Department Narcotics Division followed the car in which Hunt was traveling and observed Hunt in the car.

Investigator Wade observed all of the transactions and monitored the controlled buy operations. Investigator Wade testified at trial that the confidential informant was financially compensated and that, in his experience as a law enforcement officer, it was common for drug dealers to sell their clients less than the agreed-upon quantity of drugs in order to increase their profits. Investigator Wade never told the confidential informant to target a particular person or gave the confidential informant a set number of drug transactions that he was required to complete. Both the confidential informant and his nephew knew Hunt, and the confidential informant identified Hunt as someone who would be likely to sell him drugs. At trial, the confidential informant stated he bought crack cocaine from Hunt on all five occasion[s] and denied tampering with or concealing any of the crack cocaine he bought from Hunt.

Investigator Joseph Shepherd of the Campbell County Sheriff's Office and Investigator Gary Penn of the Altavista Police Department were also involved in the controlled buy operation. Both testified at trial that they had not tampered with any evidence received from the confidential informant and that the confidential informant was searched before and after each transaction and was not concealing any contraband.

At trial, the jury viewed and listened to the recordings of each of the five drug transactions.

Br. Supp. Mot. Dismiss Ex. 4, ECF No. 10-4 (paragraph numbers and record citations omitted). The jury convicted Hunt on all five counts and recommended

an aggregate sentence of thirty years. On October 30, 2014, the court imposed that sentence, with no time suspended.

Hunt appealed, alleging a claim that the evidence was insufficient "because the informant's testimony was inherently incredible," and a claim that the sentence was excessive in violation of the Eighth Amendment. *Id*. at Ex. 2, ECF No. 10-2. One reviewing judge refused Hunt's Petition for Appeal, and in October of 2015, a three-judge panel of the Court of Appeals of Virginia denied relief. Hunt appealed. In an Order entered June 15, 2016, the Supreme Court of Virginia refused assignment of error no. 2 of Hunt's appeal and dismissed it as procedurally defaulted under Supreme Court Rule 5:17(c)(1)(iii). *Id*. at Ex. 3, ECF No. 10-3.

During Hunt's appeal proceedings, on November 19, 2015, he filed a Motion to Correct Unlawful Sentence in the Circuit Court for Campbell County. *Id*. at Ex. 2, at 4, ECF No. 10-2. The circuit court dismissed the motion in February of 2016 for lack of jurisdiction, because it was not timely filed. *See* Va. Sup. Ct. R. 1:1 ("All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."). Hunt appealed this jurisdictional dismissal to the Court of Appeals of Virginia, which held that it did not have jurisdiction over the appeal and dismissed it by Order dated October 25, 2016.

Hunt then filed a timely Petition for a Writ of Habeas Corpus in the Circuit Court for Campbell County on or about October 27, 2016. Among other claims, Hunt alleged that his "right to due process was violated when the Commonwealth failed to disclose material impeachment evidence regarding the ongoing criminal investigation of the Alta Vista Police Department." *Id*. at Ex. 4, ECF No. 10-4. He based this claim on media reports from July of 2016, copies of which he attached to his state petition. The circuit court dismissed the petition by Order entered March 27, 2017, without conducting an evidentiary hearing.

Hunt appealed the circuit court dismissal. By Order dated October 17, 2017, the Supreme Court of Virginia dismissed Hunt's Petition for Appeal because he failed to assign error as required by its Rule 5:17(c)(1)(i). *Id*. at Ex. 5, ECF 10-5. Hunt moved for reconsideration and asked the Court to accept his petition because of his pro se status and lack of access to legal materials. He also submitted a two-page list of Assignments of Error and pointed out that his petition included clearly labeled claims for relief. By Order dated February 1, 2018, the Court construed and denied Hunt's motion as a Petition for Rehearing.

On April 23, 2018, Hunt filed his § 2254 petition in this court,[1] alleging these two grounds for relief:

_____

[1] Under Rule 3(d) of the Rules Governing Section 2254 Cases, a prisoner's habeas corpus petition is considered filed as of the day when he delivers it to prison officials for mailing to the court. Hunt's petition arrived at the clerk's office on April 25,

> GROUND ONE:  Hunt was denied due process of law when the Commonwealth failed to disclose material impeachment evidence of an elaborate scheme of criminal misconduct carried out by Altavista police officers and informants in drug sting investigations.
>
> . . . .
>
> GROUND TWO:  Hunt was denied effective assistance of appellate counsel.

Pet. Attach. A at 8-9, ECF No. 1.  The respondent has moved to dismiss Hunt's § 2254 petition as untimely filed, or in the alternative, procedurally defaulted, or without merit.  Hunt has responded to the Motion to Dismiss, making the motion ripe for consideration.  Hunt also filed a Motion to Expand the Record under Rule 7 of the Rules Governing Section 2254 Cases, which I granted.  Attached to the Rule 7 motion are additional materials from the Altavista criminal investigation at issue in Ground One, obtained through a request for public records after Hunt filed his § 2254 petition.  The respondent then filed a Response to the new evidence, and Hunt filed a Reply.

## II.

The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

---

2018, in a "PRIORITY MAIL 2-DAY" envelope dated April 23, 2018.  With no evidence that Hunt delivered the petition to prison officials for mailing any earlier than April 23, 2018, I will consider that day as the date of filing.

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  A judgment becomes final once the availability of appeal is exhausted, the time for filing a petition for a writ of certiorari in the United States Supreme Court has expired, or the Supreme Court has denied certiorari from the highest state court's denial on direct appeal.  *See Clay v. United States*, 537 U.S. 522, 525 (2003).

Hunt's convictions became final, and his federal habeas time clock under § 2244(d)(1)(A) began to run, on September 13, 2016, 90 days after the Supreme Court of Virginia refused his direct appeal, and he failed to file a petition for a writ of certiorari.  U.S. Sup. Ct. Rule 13(1) (setting 90 days from entry of state court final judgment to file certiorari petition).  On October 27, 2016, after 44 days of the federal filing period had elapsed, Hunt filed his state habeas petition in the

Circuit Court for Campbell County. While that petition was pending, the federal filing period was tolled. *See* 28 U.S.C. § 2244(d)(2) (providing that "properly filed" application for state post-conviction or other collateral review tolls federal filing period). After the circuit court dismissed the petition on March 27, 2017, the filing period began running again. The filing period expired 321 days later, on February 12, 2018, more than two months before Hunt filed his § 2254 petition.

Hunt contends that under 28 U.S.C. § 2244(d)(2), the federal filing period must be tolled during the time when his state habeas proceedings were pending.

> [A]n application [for state post-conviction review] is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, *the form of the document*, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis added).[2] Just because a court files a particular application and it remains pending for a while does not mean that it was *properly* filed. "If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction, . . . it will be *pending*, but not *properly filed*." *Id.* at 9. When calculating tolling under § 2244(d)(2), the reviewing court may only "exclude the time during which state collateral proceedings pursued by

---

[2] I have omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

petitioner were properly filed" and pending.  *Christian v. Baskerville*, 232 F. Supp. 2d 605, 606 (E.D. Va. 2001).

Hunt's habeas appeal was never properly filed under Virginia law.  Supreme Rule 5:17(c)(1), requires that a Petition for Appeal must include, under a separate heading entitled "Assignments of Error," a list of the specific errors in the ruling below that the appellant is challenging.  This list must also provide an "exact reference" to the part of the trial court record where the error is preserved.  Va. Sup. Ct. Rule 5:17(c)(1).  The rule also states that a petition that does not include Assignments of Error will be dismissed.  Va. Sup, Ct. R. 5:17(c)(1)(i).  The Supreme Court of Virginia expressly found that Hunt's habeas appeal petition failed to comply with Rule 5:17(c)(1)(i) and dismissed the appeal on that procedural ground.  When Hunt moved for reconsideration of that finding, argued that he had substantially complied with the rule, and submitted a belated list of Assignments of Error, the Supreme Court of Virginia denied his motion.  On habeas review, I cannot second-guess the Supreme Court of Virginia's interpretation or application of its own rule.  *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (finding no authority for federal habeas court to reverse state court's holding based on interpretation of state law).  Based on the Supreme Court of Virginia's determination that Hunt did not properly file his state habeas appeal, I cannot apply § 2244(d)(2) to exclude any of the time when that petition was

pending.[3]  *See Christian*, 232 F. Supp. 2d at 607 (holding that "appeal of the denial of habeas relief" was "never properly filed pursuant to § 2244(d)(2)" because petitioner "failed to meet the form requirements for properly filing an appeal in the Supreme Court of Virginia" under Va. Sup. Ct. R. 5:17(c)); *Escalante v. Watson*, 488 Fed. App'x 694, 697-98 (4th Cir. 2012) (explicitly agreeing with *Christian*'s logic and finding that petitions failing to comply with Va. Sup. Ct. R. 5:17(c) do not toll the statute of limitations under § 2244(d)(2)).

I also cannot give Hunt the benefit of tolling under § 2244(d)(2) during the time between the circuit court's dismissal of his state habeas petition and his filing of the habeas appeal in the Supreme Court of Virginia.  Because Hunt never properly filed his habeas appeal, his state habeas proceedings "'ceased to be pending on the date of the trial court's decision,'" which was March 27, 2017. *Christian*, 232 F. Supp. 2d at 606 n.1 (quoting *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 930 (E.D. Va. 2000), *aff'd*, 5 F. App'x 335 (4th Cir. 2001) (unpublished).

Hunt also seeks statutory tolling to start his one-year federal filing period when he allegedly first discovered, through news articles in July 2016, suppressed evidence about the criminal investigation of the Altavista Police Department ("APD").  At that time, however, Hunt's convictions were not yet final under

---

[3]  For the same reasons, Hunt's circuit court Motion to Correct and his appeal of the circuit court's dismissal of that motion cannot toll the filing period under § 2244(d)(2).  Both the motion itself and the appeal were dismissed for lack of jurisdiction and were, therefore, not properly filed for purposes of statutory tolling.

§ 2244(d)(1)(A).  Accordingly, whether characterized as the elimination of a state-created impediment under § 2244(d)(1)(B) or as the factual predicate of his claim under § 2244(d)(1)(D), the July 2016 discovery does not affect the calculation of Hunt's federal filing period as I have already described it.

Hunt apparently seeks to reset the federal time clock to begin in July 2018, when "in response to a request for public records," the special prosecutor "disclosed approximately 1700 pages of documents related to his investigation of the APD and his prosecution of APD Chief Walsh."  Mot. to Expand R. 2, ECF No. 17.  Under § 2244(d)(1)(D), "the factual predicate of a petitioner's claims constitutes the vital facts underlying [the] claims," not merely "evidence that might support his claims."  *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007).  This section also requires proof of a petitioner's active investigation, since the new filing period under § 2244(d)(1)(D) begins when a petitioner's claim "*could have been* discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D) (emphasis added).  *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) ("Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim."); *Johnson v. McBride*, 381 F.3d 587, 589 (7th Cir. 2004) ("A desire to see more information in the hope that something will turn up differs from 'the factual predicate of [a] claim or claims' for purposes of § 2244(d)(1)(D).").

Hunt fails to demonstrate why the limitations period should be reset to July of 2018. First, he does not demonstrate that in the summer of 2016, immediately after he allegedly first learned of the APD investigation, he diligently pursued options to obtain such records, by filing a request for public records or other means. Second, at the most, the new files provide additional evidence that Hunt believes supports his already stated claim that some members of the APD, including the chief of police, were involved in illegal activity at the time of his arrest and trial. He does not demonstrate that the new documents create grounds for any new habeas claims or show that any officer or confidential informant directly related to Hunt's case was involved in criminal activities or demonstrated a lack of truthfulness. Therefore, the 2018 disclosure presents essentially the same factual predicate as the 2016 documents did and cannot reset the statute of limitations.[4] *See* 28 U.S.C. § 2244(d)(1)(D); *McAleese*, 483 F.3d at 214.

Finally, Hunt argues for equitable tolling during the pendency of his habeas appeal. Equitable tolling occurs only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Hunt asserts that because of his limited education and legal knowledge, he

---

[4] For similar reasons, Hunt fails to show that his delay in obtaining additional materials about the ADP investigation was caused by an "impediment to filing . . . created by State action in violation of the Constitution or laws of the United States." 28 U.S.C. § 2244(d)(1)(B).

could not have known that his habeas appeal petition was not properly filed until he received the Supreme Court of Virginia's dismissal order. Procedural errors arising from such circumstances as lack of legal education or materials are neither extraordinary nor external to a party's control, as required to trigger equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (collecting cases holding that attorney error, including miscalculation of appeal timelines, does not present extraordinary circumstances beyond a party's control); *see United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (collecting cases holding that "ignorance of the law is not a basis for equitable tolling"). Thus, I find no ground for equitable tolling of the time between the dismissal of Hunt's circuit court habeas petition and the dismissal of his habeas appeal or any other time period.[5]

For the stated reasons, I conclude that Hunt's federal habeas petition is untimely filed under 28 U.S.C. § 2244(d), and he is not entitled to statutory or equitable tolling of that period. On that ground, I will grant the Motion to Dismiss.[6]

A separate Final Order will be entered herewith.

---

[5] I also find that Hunt has no viable claim of actual innocence as a basis for invoking equitable tolling of the federal habeas limitations period. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (holding that defendant who demonstrates actual innocence of his crime of conviction may, in extraordinary circumstances, proceed with a habeas petition that is otherwise statutorily time-barred under § 2244(d)(1)).

[6] Because the petition was not timely filed, I need not address the respondent's alternative arguments that Hunt's claims are procedurally barred and without merit.

DATED:  March 28, 2019

/s/  James P. Jones
United States District Judge